STATE BOARD OF TAX APPEALS.

JERSEY CENTRAL POWER AND LIGHT CO. v. CITY OF
ASBURY PARK.

Decided May 17, 1943.

For the petitioner, *Autenrieth & Wortendyke (Joseph F.
Autenrieth).*

For the respondent, *Charles Frankel.*

WAESCHE, President. This is an appeal by Jersey Central
Power and Light Company, a New Jersey corporation, seek-
ing to reverse the affirmance by the Monmouth County Board
of Taxation of two assessments for the year 1941, levied by
the taxing authorities of the City of Asbury Park. One is
in the sum of $10,500,000 and purports to cover intangible
personal property assessable at the head office of the corpora-
tion. The other is one of $5,000 against personal property
and equipment (other than merchandise held for resale) at
its head office. It is desired that these assessments be canceled.

The question raised in these appeals is whether or not
chapter 5 of the laws of 1940, *N. J. S. A.* 54:31–45 to
54:31–63, which imposes a gross receipts tax upon street rail-
way, traction, gas and electric light, heat and power cor-
porations, did not supersede all other methods of taxation,
except those specifically mentioned therein and, therefore,
renders these assessments illegal.

The statute in question states that its purpose is "to pro-
vide a complete scheme and method for the taxation of street

railway, traction, gas and electric light, heat and power corporations using or occupying the public streets, highways, roads or other public places, to exempt from taxation other than imposed by this act the franchises, stock, and certain property of such corporations and for the taxation of the property of such corporations not so exempted from taxation * * *."

The petitioner is a gas and electric light, heat and power corporation. The act further goes on to say, Section 4: "All the real estate as herein defined, and the electric and gas appliances to be used for the consumption of gas or electricity and held for resale and not for the purpose of production, transmission or distribution of gas or electric energy, and by-products of gas manufacture held for resale and not for the purpose of production, transmission or distribution of gas or electric energy, owned or held by any taxpayer shall be assessed and taxed at local rates in the manner provided by law for the taxation of similar property owned by other corporations or individuals, * * *."

In other words, after setting up a complete general scheme of taxation, the act excepts two categories of property only; one, merchandise held for resale and, two, real estate. Undoubtedly the act was intended to provide a method of taxation which should supersede all existing methods, saving the two excepted classes, and hence the act was designed to do away with the taxation of both tangible and intangible personal property other than electric and gas appliances held for resale.

Not only is this the plain language of the statute, but both the Supreme Court and the Court of Errors in construing it have disposed of the issues herein raised favorably to the petitioner. *Jersey Central Power and Light Co.* v. *Asbury Park (Supreme Court)*, 128 *N. J. L.* 141; 24 *Atl. Rep.* (2d) 526; affirmed by the Court of Errors and Appeals without opinion, *Jersey Central Power and Light Co.* v. *Monmouth County Board of Taxation,* 129 *N. J. L.* 253; 29 *Atl. Rep.* (2d) 139. The assessments appealed from are, therefore, canceled.

Judgment accordingly.