VIRGIL T. THOMAS, APPELLANT, v. BOARD OF REVIEW, DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, AND AMERICAN EXPORT LINES, INC., RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued March 9, 1964—Decided March 19, 1964.

Before Judges GOLDMANN, KILKENNY and COLLESTER.

*Mr. George L. Platt* of the New York Bar, admitted *pro hac vice,* argued the cause for appellant (*Messrs. Kessler, Kessler & Harrington,* attorneys).

*Mr. Edward A. Kaplan* argued the cause for respondent Board of Review.

The opinion of the court was delivered by

GOLDMANN, S. J. A. D. The question to be resolved on this appeal is whether appellant Thomas, a United States merchant seaman employed on a vessel registered, enrolled and licensed under the maritime laws of the United States, and owned and operated by a New Jersey company, is entitled to temporary disability benefits while an inpatient at a U. S. Public Health Service hospital because of a disability sustained during a voyage.

American Export Lines, Inc., a New Jersey corporation, employed Thomas on October 19, 1962 as a wiper aboard its vessel, the *SS Exemplar.* The *Exemplar* is an American vessel duly registered, enrolled and licensed under the maritime laws of the United States. Thomas became ill while at sea and signed off when the *Exemplar* docked in New York City on February 4, 1963.

As a seaman employed on a vessel of the United States, registered, enrolled and licensed under its maritime laws, Thomas was entitled to medical, surgical and dental treatment and hospitalization without charge in a hospital or other station of the U. S. Public Health Service. 42 *U. S. C. A.* § 249(a)(1); *Code of Federal Regulations, Title 42,*

§ 32.6(a)(1). On February 7 he reported to the hospital maintained and operated by the Service on Staten Island. Thomas gave a history of weakness and a heavy dry cough during the preceding two weeks. He had vague complaints about his chest. An X-ray of the chest revealed a fibronodular infiltrate in both upper lobes.

Thomas was treated as an outpatient until February 14; he was then admitted to the hospital as an inpatient, and provided with full medical care and treatment, without cost to him. The hospital records indicate that he was suffering from tuberculosis, moderately advanced. Thomas was discharged from the hospital on May 6, 1963, "not fit for duty," and given a return appointment. Thereafter he continued to receive medical treatment as an outpatient.

In accordance with the maintenance and cure requirements of maritime law, American Export Lines paid Thomas maintenance at the rate of $8 a day while he was receiving outpatient treatment prior to his admission as an inpatient as well as following his discharge from the hospital. He received no cash maintenance payments from his employer during the period he was an inpatient. However, as a member of the National Maritime Union, Thomas received $40 a week from its welfare fund during the period of his disability.

American Export Lines is a covered employer under the New Jersey Unemployment Compensation Law (*R. S.* 43:21–1 *et seq.*, as amended) and the Temporary Disability Benefits Law (*N. J. S. A.* 43:21–25 *et seq.*). Thomas filed a claim on February 18, 1963 seeking temporary disability benefits under the State Plan of the latter law (*N. J. S. A.* 43:21–37 to 42). On February 28 the Chief of State Plan Disability Benefits in the Division of Employment Security, Department of Labor and Industry, held Thomas ineligible for disability benefits, giving as his reason that our Supreme Court had recently decided that benefits cannot be paid for any period of disability for which claimant was entitled to receive maintenance and cure. His reference was, of course, to *Seatrain Lines, Inc. v. Medina,* 39 *N. J.* 222 (1963).

Thomas appealed to the Appeal Tribunal of the Division. After a hearing it held that the treatment, maintenance and lodging provided for Thomas at public expense through the period of his disability as an inpatient at the U. S. Public Health Service Hospital were benefits received under "similar legislation * * * of the Federal Government," within the meaning of *N. J. S. A.* 43:21–30. Therefore, under the holding of the *Seatrain Lines* case, payment of benefits could not be made for that period under the Temporary Disability Benefits Law.

On further appeal the Board of Review affirmed the decision of the Appeal Tribunal on the basis of the record below.

Thomas readily concedes that he could not recover the general maritime law "maintenance and cure" from his employer while an inpatient. This is because the maintenance and cure ordinarily provided by an employer under maritime law has its equivalent in the care and treatment afforded seaman by the Federal Government under 42 *U. S. C. A.* § 249(a)(1).

By "maintenance" is meant food and lodging. *Bailey v. City of New York*, 55 *F. Supp.* 699, 701 (*D. C. S. D. N. Y.* 1944), affirmed 153 *F. 2d* 427 (2 *Cir.* 1946). "Cure" is care, including medical, surgical and dental care and treatment and, if necessary, hospital and nursing care. *Calmar S. S. Corp. v. Taylor*, 303 *U. S.* 525, 528, 58 *S. Ct.* 651, 82 *L. Ed.* 993 (1938). A seaman's right to maintenance and cure is one imposed by the law itself, as annexed to the contract of employment. *Vaughn v. Atkinson*, 369 *U. S.* 527, 532, 82 *S. Ct.* 997, 8 *L. Ed. 2d* 88 (1962); *Cortes v. Baltimore Insular Line*, 287 *U. S.* 367, 371, 53 *S. Ct.* 173, 77 *L. Ed.* 368 (1932).

Maintenance and cure is exactly what Thomas received at the U. S. Public Health Service Hospital, without charge and at Government expense. Despite this, he maintains that the care and treatment he received while an inpatient did not amount to a benefit within the nonduplication of benefits provision of *N. J. S. A.* 43:21–30. Only the payment of cash

in hand, he argues, should bar him from receiving temporary disability benefits, and since no one paid him money, he is entitled to benefit payments.

*N. J. S. A.* 43:21–30 provides, in pertinent part:

"No benefits shall be required or paid under this act for any period with respect to which benefits are paid or payable under any unemployment compensation or similar law, or under any disability or cash sickness benefit or similar law, of this State or of any other State or of the Federal Government. Nor shall any benefits be required or paid under this act for any period with respect to which benefits, other than benefits for permanent partial or permanent total disability previously incurred, are paid or payable on account of the disability of the covered individual under any workmen's compensation law, occupational disease law, or similar legislation, of this State or of any other State or the Federal Government. \* \* \*"

In *Seatrain Lines,* above, 39 *N. J.* 222, seaman Medina was treated as an outpatient at the U. S. Public Health Service Hospital on Staten Island without cost to him. During the period of his disability he was paid $8 a day by Seatrain Lines, Inc., as maintenance for each day he remained unemployed. Medina's claim for benefits under the Temporary Disability Benefits Law was denied. The Supreme Court held that the word "law" in the quoted statute was expressive of a broader meaning than "legislation," and that to interpret it to mean "statutory law or common law rule or doctrine" was to maintain compatibility with the legislative desire to limit the employee's right to receive benefits. (39 *N. J.,* at *pages* 231–232) After referring to *Bartholomew v. Universe Tankships, Inc.,* 279 *F. 2d* 911, 913–914 (2 *Cir.* 1960), wherein the ancient right of a seaman to maintenance and cure is discussed, the court stated that the doctrine of maintenance and cure, being part of the general maritime law, is a part of our system of federal laws. (39 *N. J.,* at *page* 233) The court concluded that the payments for maintenance and cure—*i. e.,* the employer's cash payments and the hospital's outpatient care—received by Medina were payments "under any unemployment compensation \* \* \* disability or cash sickness benefit or similar law \* \* \* of the Federal Government,"

and therefore he was not entitled to temporary disability benefits under *N. J. S. A.* 43:21–30.

We find nothing in *N. J. S. A.* 43:21–30 indicating a legislative intent that only cash payments received under a "similar law" bar a claimant from receiving benefits under the Temporary Disability Benefits Law. "Benefit" denotes any form of advantage received, capable of having its value measured, and accordingly includes the advantage of being saved from an expense or loss. *Cf. Lawrence Warehouse Co. v. Twohig,* 224 *F. 2d* 493, 498 (8 *Cir.* 1955). "Payment" is the discharge of an obligation; it may be made in money, kind or anything of equivalent value. It has been said that "payment" is not a talismanic word; it may have many meanings, depending on the sense and context in which it is used. See *United States v. Consolidated Edison Co.,* 366 *U. S.* 380, 391, 81 *S. Ct.* 1326, 6 *L. Ed.* 356 (1961). Thus, medical treatment has been held to be "payment of compensation," as this phrase is used in the Workmen's Compensation Act, *R. S.* 34:15–51. *Schwarz v. Federal Shipbuilding & Dry Dock Co.,* 16 *N. J.* 243, 248 (1954); *Pfahler v. Eclipse, etc., Bendix Aviation Corp.,* 38 *N. J. Super.* 156, 159 (*App. Div.* 1955).

Hospitalization affords not only maintenance but medical care looking toward cure. A seaman, while an inpatient, is therefore receiving the relief to which he is entitled under maritime law. However, instead of being paid in cash for the cost of his maintenance and cure, he is being furnished both in kind. See *Murphy v. American Barge Line Co.,* 169 *F. 2d* 61, 63 (3 *Cir.* 1948), *certiorari* denied 335 *U. S.* 859, 69 *S. Ct.* 133, 93 *L. Ed.* 406 (1948).

Claimant would have both his maintenance and money, his cure as well as cash. Stripped of all legalistic gloss, what he seeks is duplicate benefits — money payments under the Temporary Disability Benefits Law and the maintenance and cure benefits he received while an inpatient at the Government hospital. He may not have both.

The decision of the Board of Review is affirmed.