RIMM, J. T. C.
This is an appeal from an assessment of taxes made by defendant pursuant to the Business Personal Property Tax Act, N.J.S.A. 54:11A-1 et seq., on a combustion turbine electricity generating unit, hereafter designated as equipment, owned by plaintiffs Frank B. Smith and Ben Maushardt, as trustees. The assessment was imposed by a final determination dated May 2, 1977 in the amount of $35,344.35 for the tax year 1975, and $32,955.20 for the tax year 1976. The present action was instituted by petition of appeal filed with the Division of Tax Appeals and is now before the Tax Court under N.J.S.A. 2A:3A-26, which transferred all matters pending in the Division to the court. The facts have been stipulated by the parties in accord *17 anee with R. 8:8-l(b). Attached to the written stipulation of facts are various exhibits which form a part of the record.
Plaintiff Atlantic City Electric Company (hereafter “utility”) is a corporation of the State of New Jersey engaged in the business of supplying electric energy for light, heat and power in 125 municipalities in its service area, the southern third of New Jersey. It proposed to acquire the equipment in 1972. After investigating the cost of purchasing the equipment, the utility determined that the cost would be less if it leased the equipment instead of purchasing it. The cost advantage would be reflected in the rates to its customers, either in lower energy charges or in lower rate of increase. The equipment was then purchased by plaintiff trustees directly from the manufacturer. Title to the equipment vested in the trustees under a deed of trust dated November 1, 1973. Computer Finance Corporation of Baltimore, Maryland, is the beneficial owner. The equipment is leased to the utility by a lease, also dated November 1, 1973, among Frank B. Smith and Ben Maushardt, as trustees, the “Lessor,” United States Leasing Corporation, as agent for the Lessor, and Atlantic City Electric Company, the “Lessee.” The lease provides that, in addition to rents payable:
Lessee agrees to pay punctually as and when the same shall become due and payable, any and all taxes, fees, assessments and other governmental or quasi-governmental charges of whatsoever kind or character including interest and penalty, whether assessed against Lessor or Lessee, on or relating to the Unit and on the ownership, possession, leasing, use, shipment, transportation, delivery or operation of the Unit, and all gross receipts and like taxes against Lessor on or measured by rents payable hereunder.
The lease was approved by the Board of Public Utility Commissioners of the Department of Public Utilities[1] on May 23, 1974, under Docket 743-179.
The equipment is located in East Greenwich Township, Gloucester County. It is used to generate electric energy to supplement the utility’s regular steam generating units and to provide stand-by power in certain areas where loads become critical. Defendant included the equipment as scheduled equipment for *18 purposes of apportionment of taxes under N.J.S.A. 54:30A-49 et seq., commonly referred to as the Gross Receipts Tax Act.[2] As a result East Greenwich Township receives annual tax revenues directly attributable to the location of the equipment within its borders. N.J.S.A. 54:30A-58.
The parties also stipulated as follows:
a. If the equipment were owned directly by the utility, it would not be subject to the Business Personal Property Tax Act, N.J.S.A. 54.-11A-1 et seq.
b. None of the following are public utilities or subject to the Gross Receipts Tax Act, N.J.S.A. 54:30A — 49 et seq.:
(1) Ben Maushardt and Frank B. Smith, individually or as trustees.
(2) The trust.
(3) United States Leasing Corporation.
c. The equipment is not considered in the computation of the gross receipts tax imposed on the utility as a public utility. The tax is imposed only on receipts. The equipment is used in the utility’s business and furnishes electricity to its customers, from which part of the utility’s gross receipts are derived.
d. The trust, trustees and United States Leasing Corporation are in the business of leasing and hold the equipment for use in their business.
No challenge is made to the taxable value ascribed to the equipment or to the amount or basis of the tax computation.
The Business Personal Property Tax Act provides that all personal property used in business in this State and not express *19 ly exempted from taxation or expressly excluded from the operation of the act is subject to annual taxation. N.J.S.A. 54:llA-3. Personal property used in business means “tangible goods and chattels used or held for use in any business, transaction, activity or occupation conducted for profit.” N.J.S.A. 54A:llA-2(b). Each person who owns personal property used in business in this State on October 1 of the pretax year and taxable under the act shall prepare and file with the Director of the Division of Taxation a return of such property and pay the taxes due. N.J.S.A. 54:llA-7. Person includes a trust. N.J. S.A. 54:llA-2(e). Persons subject to tax are further defined in the regulations:
(a) Any person who is the owner of business personal property as defined in Section 1.1 (Definition) [3] of this Chapter is subject to the tax.
(b) Lessors of tangible personal property engaged in whole or in part in the business of leasing that property to other persons including, but not limited to, governmental agencies, non profit organizations or business holding property exempt under the Act, are subject to tax for all such property leased in New Jersey on October 1 of the pre-tax year.
1. Business personal property must be reported and the tax paid upon it by the owner, regardless of the terms and conditions of the lease agreement, the property’s use or the person using the property; .... [N.J.A.C. 18:9-2.1]
The regulation is consistent with a published interpretation by the defendant of the applicable statute:
With respect to your inquiry regarding leased equipment, Section 2(bXl) of the law (N.J.S.A. 54:llA-2(bXl)) provides that personal property used in business shall not include, among other things, “goods and chattels held for sale, resale, leasing or to be furnished under contracts of service.” Thus, equipment which is held for lease while in the possession of the lessor is not subject to tax. While in the hands of the lessee such property is subject to tax and taxable to the lessor. [Letter from Assistant to the Director, Division of Taxation, to Commerce Clearing House, Inc., June 8, 1967. CCH N.J. Tax Reporter ¶ 20-202a.50.]
Under defendant’s regulations interpreting the Business Personal Property Tax Act, personal property owned for the purpose of being leased to others is used in the business of the owners and is subject to the tax, which is imposed on the owners. The interpretation of the act by defendant, who is charged with enforcing it, is entitled to great weight. In re Saddle River Application, 71 N.J. 14, 362 A.2d 552 (1976). In Peper v. *20 Princeton Univ. Bd. of Trustees, 77 N.J. 55, 389 A.2d 465 (1978), the court said:
In interpreting the meaning of a statute, this Court places great weight on the interpretation of legislation by the administrative agency to whom its enforcement is entrusted, [at 69, 70]
See, also, Sorensen v. Taxation Div. Director, 2 N.J.Tax470, 184 N.J.Super. 393, 446 A.2d 213 (Tax Ct.1981).
The utility relies on the provisions of the Gross Receipts Tax Act, N.J.S.A. 54:30A-49 et seq., in contending that no business personal property tax may be imposed in this matter. The act provides in its first section:
The purpose of this act is to provide a complete scheme and method for the taxation of ... electric light, heat and power corporations using or occupying the public streets, highways, roads or other public places, to exempt from taxation other than imposed by this act ... certain property of such corporations and for the taxation of the property of such corporations not so exempted from taxation; .... [NJ.S.A. 54:30A-49]
The act also provides:
.. . [E]lectric light, heat and power corporations using or occupying public streets, highways, roads or other public places, and their property and franchises, shall be subject to taxation only as in this act provided. Any such corporation shall not be subject to any other taxes upon its property, franchises, stock or gross receipts, and the shares of stock of any such corporation shall not be taxed in the hands of shareholders. [N.J.S.A. 54:30A-51]
Thus, the utility claims, the Legislature has provided a comprehensive scheme for the taxation of certain public utilities and has determined that the taxation of such public utilities should be exclusive pursuant to the provisions of the act. In support of its position plaintiff cites N.J. Power and Light Co. v. Denville Tp., 80 N.J.Super. 435, 194 A.2d 16 (App.Div.1963), in which the court said:
Our Legislature has provided a comprehensive scheme for the taxation of certain public utilities by the terms of the Gross Receipts Tax Act, N.J.S.A. 54:30A-49 et seq., and intended that the taxation of these public utilities should be exclusively pursuant to the provisions of that act. [at 437-438, 194 A.2d 16]
Defendant argues that the Gross Receipts Tax Act speaks in terms of taxing “electric light, heat and power corporations” and of exempting from taxation “certain property of such corporations.” N.J.S.A. 54:30A-49. Such corporations and “their property and franchises shall be subject to taxation only as in this act provided. Any such corporation shall not be *21 subject to any other taxes upon its property, franchises, stock or gross receipts.... ” N.J.S.A. 54:30A-51. Defendant argues that, in accordance with these statutory provisions, only the property of such corporations is exempt from taxes other than the gross receipts tax. Since the equipment is not the property of the utility, but is the property of the trustees and is only leased to the utility, the equipment is not exempt from taxation under N.J.S.A. 54:30A-49 et seq. Defendant imposed his assessment accordingly.
Except for the real estate and personal property of electric light, heat and power corporations owned or held for resale; the Gross Receipts Tax Act is the method for taxing the property and franchises of such utilities. N.J.S.A. 54:38-52; Jersey Central, &c. v. Asbury Park, 21 N.J.Misc. 372, 32 A. 182 (St.Bd.Tax App.1943)[4] Even under the Business Personal Property Tax Act personal property used in business does not include, among other things, “goods and chattels used or held for use in business by any person, partnership, association or corporation subject to taxation under Chapter 4 of the laws of 1940, as amended (N.J.S.A. 54:30A-16 et seq.).” N.J.S.A. 54:11A-2(b)(5). Chapter 4 of the Laws of 1940 is commonly referred to as the Franchise Tax Act for the taxation of telephone utilities.[5] There was no need to specifically exclude chapter 5 of the Laws of 1940 (N.J.S.A. 54:30A-49 et seq.), the Gross Receipts Tax Act *22 taxing electric utilities. Chapter 5, as amended, provides for the method of taxing electric utilities and thereby makes the property of such utilities exempt from the Business Personal Property Tax Act. The regulations dealing with property exempt from the Business Personal Property Tax Act repeat the reference to chapter 4 of the Laws of 1940 and add an exclusion for electric light, heat and power corporations as follows:
(a) Tangible personal property used in business by any person, partnership, association or corporation subject to taxation under Chapter 4 of the Laws of 1940 as amended (N.J.S.A. 54:30A-16 et seq.), regarding telephone, telegraph and other utilities is not subject to taxation under the Act.
(b) Personal property of a utility company, including street, railway, traction, sewerage, water, gas and electric light, heat and power corporations using or occupying the public streets, highways, roads or other public places and subject to the provisions of NJ.S.A. 54:30A-49 et seq., is not subject to taxation under the act. [N.J.A.C. 18:9-3.10(a)(b) ]
The nature of the Gross Receipts Tax Act does not, however, assist the utility in this matter. Defendant’s position must prevail. The equipment is owned by the trustees; it is used in the leasing business of the trustees, and the utility has no ownership interest in the equipment since it is only a lessee and the lease is not a financing arrangement. In its petition to the Board of Public Utility Commissioners seeking permission for the lease arrangement the utility stated:
The petitioner will have no rights in the equipment upon the termination of the lease either with respect to the right to own the equipment, the option to purchase the equipment or even to further renew the lease. It is a true lease and not a conditional sale or lease purchase agreement.
The Director made his assessment in this matter against the trustees and did not seek to tax the utility “corporation” or “its property.” The assessment in this matter was imposed on plaintiff trustees as a result of personal property they own and use, according to the stipulation between the parties, in their business of leasing equipment. The utility is involved in this matter because of its contractual obligation to pay taxes imposed on the trustees. The tax is not imposed on the utility. The tax is imposed on the owners of the property, but the utility has by contract obligated itself to pay the tax. But for the contractual obligation undertaken by the utility to pay the property owners’ tax, the utility would not be before the court. *23 The contractual obligation undertaken by the utility to pay the property owners’ tax cannot be the basis for determining that no tax is due.
The utility claims that if it had taken title to the equipment, no business personal property tax would have been assessed. It argues that if it or the Board of Public Utility Commissioners
.. . had ever conceived that the property was subject to taxation under the Business Personal Property Tax Act, the Petitioner would not have proceeded and the Board would not have approved, because ownership would have been more beneficial.
Therefore, no tax should be imposed merely because it is only a lessee.
General Trading Co., Inc. v. Taxation Div. Director, 83 N.J. 122, 416 A.2d 37 (1980), dictates precisely the opposite result: if the tax is due, what might have been done for a different tax result is of no consequence. The legal principle which governs this case is the same as in General Trading, in which Chief Justice Wilentz wrote:
In our view the legal principle which governs this case is that a voluntary business decision “is to be given its tax effect in accord with what actually occurred and not in accord with what might have occurred.” Commissioner v. National Alfalfa Dehydrating and Milling Co., 417 U.S. 134, 148, 94 S.Ct. 2129, 2137, 40 L.Ed.2d 717, 727 (1975).
This Court has observed repeatedly that, while a taxpayer is free to organize his affairs as he chooses, nevertheless, once having done so, he must accept the tax consequences of his choice, whether contemplated or not . . ., and may not enjoy the benefit of some other route he might have chosen to follow but did not. “To make the taxability of the transaction depend upon the determination whether there existed an alternative form which the statute did not tax would create burden and uncertainty.” [Id. at 149, 94 S.Ct. at 2137 (citations omitted)]. [Id. at 136-137, 94 S.Ct. at 2131]
In General Trading, a corporation authorized the issuance of 10 million rather than 100,000 shares of stock, with no apparent business purpose. This action resulted in a deficiency assessment of over $26,000. In holding that the taxpayers must suffer the consequence of their inadvertence, the court said:
That the stockholders and officers of General Trading may not have given a minute’s thought to the tax consequences of their decision is irrelevant to the question of liability under the Statute. [Id. at 134, 416 A.2d 37]
*24 This court has also held that “a contractual obligation which now appears to be less advantageous than originally anticipated ... cannot be. the basis for nontaxability.” Atlantic City Airlines, Inc. v. Taxation Div. Director, 4 N.J.Tax 97, 105 (Tax Ct.1982), citing General Pub. Loan Corp. v. Taxation Div. Director, 13 N.J. 393, 99 A.2d 796 (1953).
The court sympathizes with plaintiff’s claims that the lease was approved by the Board of Public Utility Commissioners of the State of New Jersey; that it would not have entered into the lease if it expected that the property would be taxed, and that the lease was entered into to reduce its costs, to reduce its rate base and, hence, to reduce the cost of electricity to the consumer. However, such arguments are more appropriately made to the Legislature than to this court. MacMillan v. Taxation Div. Director, 180 N.J.Super. 175, 434 A.2d 620 (App. Div.1981), aff’d o.b. 89 N.J. 216, 445 A.2d 397 (1982).
Plaintiff makes two other arguments which are unsound. It refers to N.J.S.A. 54:30A-52, which exempts two types of property from the provisions of the Gross Receipts Tax Act:
All the real estate as herein defined, and the electric and gas appliances to be used for the consumption of gas or electricity and held for resale and not for the purpose of production, transmission or distribution of gas or electric energy, and by-products of gas manufacture held for resale and not for the purpose of production, transmission or distribution of gas or electric energy, owned or held by any taxpayer shall be assessed and taxed at local rates in the manner provided by law for the taxation of similar property owned by other corporations or individuals.....
From the provisions of this section the utility argues that since appliances owned or held by a utility which are not for the purpose of production, transmission or distribution of electric energy, are not taxable under the Gross Receipts Tax Act, it follows that property owned or held by the taxpayer that is an appliance which is used for the purpose of production, transmission or distribution of electric energy is exempt under the act. Such an argument is neither logical nor in accordance with a long-standing interpretation of this section of the Gross Receipts Tax Act:
*25 In other words, after setting up a complete general scheme of taxation, the act excepts two categories of property only; one, merchandise held for resale and, two, real estate. Undoubtedly the act was intended to provide a method of taxation which should supersede all existing methods, saving the two excepted classes, and hence the act was designed to do away with the taxation of both tangible and intangible personal property other than electric and gas appliances held for resale. [Jersey Central Power & Light Co. v. Asbury Park, 21 NJ.Misc. 372, 373, 32 A.2d 182, 183 (St.Bd.Tax App.1943)
The Supreme Court has also dealt with this section of the act in a case involving the taxation of real estate. In construing the statute, however, the court dealt with the entire section, N.J.S.A. 54:30A-52, and said:
The further qualification, “and not for the purpose of production, transmission or distribution of gas or electric energy,” etc., was simply to strictly assure that only such appliances as were held solely for sale as merchandise and not for any other public utility purpose could be locally taxed. [Public Service Elec. & Gas. Co. v. Woodbridge Tp., 73 N.J. 474, 480-481, 375 A.2d 1165 (1977)]
Finally, plaintiff contends that if this “court should determine that the subject property is taxable under the Business Personal Property Tax Act and therefore should not be included in scheduled property under the Gross Receipts and Franchise Tax Act,” the result would be substantial losses of tax revenue to the township. In the first place, this court is not determining that taxation of the equipment under the Business Personal Property Tax Act excludes it from scheduled property under the Gross Receipts Tax Act. That issue is not before the court. Secondly, the method of apportioning gross receipts tax monies among municipalities has been recognized as distinct from the taxing scheme of the Gross Receipts Tax Act and its propriety has been upheld. McKenney v. Byrne, 82 N.J. 304, 412 A.2d 1041 (1980).[6]
The Director’s final determination for the tax years 1975 and 1976 is affirmed. The Clerk of the Tax Court will enter a judgment accordingly.

Now designated Board of Public Utilities in the Department of Energy.

Title of act:
An act for the taxation of the gross receipts of street railway, traction, sewerage, water, gas and electric light, heat and power corporations using or occupying the public streets, highways, roads or other public places, for the exemption from taxation of the franchises, stock and certain property of such corporations, and for the taxation of certain of the property of such corporations not so exempted from taxation. [As amended, L. 1961, c. 93, § 1]

N.J.A.C. 18:9-1.1, which conforms with the statute.

Other taxes may be imposed on utilities. The Gross Receipts Tax Act limitation against imposition of other taxes on public utilities is not a bar to the imposition of the sales tax. Middlesex Water Co. v. Taxation Div. Director, 3 N.J.Tax 233, 242, 181 N.J.Super. 338, 437 A.2d 368 (Tax Ct.1981).

Title of act:
An act imposing an excise tax upon persons, copartnerships, associations or corporations, other than street railway, traction, sewerage, water, gas and electric light, heat and power corporations, municipal corporations and corporations taxable under chapter 291 of the laws of 1941, using or occupying public streets, highways, roads or other public places by virtue of a franchise or authority or permission from the State or any municipality thereof, except for the operation of autobuses or autocabs commonly called taxicabs. [As amended, L. 1961, c. 92, § 1]

The apportionment sections of the Gross Receipts Tax Act, N.J.S.A. 54:30A-60, 61, were amended by L. 1980, c. 11, specifically § 4, N.J.S.A. 54:30A-61.1, which placed limitations on the apportionment of taxes to municipalities.