ANDREW, J.T.C.
In this state tax matter[1] plaintiff, Burger King Corporation, challenges its liability for sales tax pursuant to the Sales and *252 Use Tax Act, N.J.S.A. 54:32B-1 et seq. Defendant, Director of the Division of Taxation, imposed a sales tax assessment of $37,723 plus interest for the period of January 1, 1980 to September 30, 1983. Plaintiff does not challenge $22,118 of this assessment but disputes defendant’s determination with respect to the balance of $15,605. Plaintiff now moves, and defendant crossmoves, for summary judgment.
A subsidiary of The Pillsbury Company, plaintiff has its principal office in Miami, Florida. Plaintiff owns and operates “fast food” restaurants where it sells various foods and beverages both for take-out and on-the-premises consumption. During certain “promotional events,” with a “two for the price of one” or “buy one get one free” coupon issued by Burger King, a customer is entitled to receive two products in exchange for the usual selling price of one product. At oral argument the parties stipulated that the coupons are nonreimbursable; Burger King receives no remuneration for the coupons either before or after the transactions here in question.
During such promotions for the period January 1, 1980 to September 30, 1983, plaintiff remitted sales tax on the usual sales price of only one of the products. Defendant, however, has additionally assessed sales tax for that period on the usual sales price of the second product.
The issue in this matter is whether, in addition to the cash payments it receives in its “two for the price of one” or “buy one get one free” promotional sales, plaintiff owes sales tax on the “face value” of the coupons it issued.
N.J.S.A. 54:32B-3(c) imposes sales tax on:
*253 Receipts from the sale of food and drink in or by restaurants____ [Emphasis supplied]
In turn, N.J.S.A. 54:32B-2(d) defines “receipt” as:
The amount of the sales price of any property ... taxable under this act, valued in money, whether received in money or otherwise, including any amount for which credit is allowed by the vendor to the purchaser, without any deduction for expenses or early payment discounts____ [Emphasis supplied]
Defendant asserts, and plaintiff denies, that “credit” includes the “face value” of the coupons—an amount equivalent to the usual selling price of the second product “given away.” According to defendant, as “valued in money,” the sales price of each transaction equals the cash payment (the usual selling price of one item) in addition to the credit allowed for the face value of the customer’s coupon (the usual selling price of the second item). Plaintiff responds that it does not allow credit for the coupons it receives and that its coupon sales are simply discount sales of which only the discounted price is taxable.
As articulated by the parties, the controversy centers around the meaning of the word “credit”—a meaning, however, that neither party fully examines. Generally, the courts give words, such as “credit,” which are left undefined by statute, their plain or ordinary meaning. See Great Adventure, Inc. v. Taxation Div. Director, 7 N.J.Tax 58, 61 (Tax Ct.1984). The ordinary meaning of credit in the context of a sale is to sell on installment or in a similar manner, i.e., some or all of the purchase price will be paid after the actual transaction occurs—either in installments or as a lump sum. See The American Heritage Dictionary, (2 coll. ed. 1982) (credit means “9.b. The time allowed for payment for something sold in trust.” Id. at 338). And in the case of installment sales, the value in money of credit allowed—in an arms-length transaction, that value is equivalent to the amount of outstanding principal—is included in taxable receipts. See Commercial Refrigeration, etc. v. Taxation Div. Director, 184 N.J.Super. 387, 2 N.J.Tax 415, 417-418, 446 A.2d 210 (Tax Ct.1981).
However, notwithstanding the ordinary meaning of “credit,” N.J.S.A. 54:32B-2(d) contains two occurrences of the word *254 “credit,” the second of which does not carry its ordinary meaning. According to N.J.S.A. 54:32B-2(d) a receipt is:
The amount of the sales price ... including any amount for which credit is allowed by the vendor to the purchaser, without any deduction for expenses or early payment discounts, but excluding any credit for property of the same kind accepted in part payment and intended for resale. [Emphasis supplied]
In its second occurrence the word “credit” refers not to sales like installment sales but to the accounting procedure of entering a credit on the account of a customer or client. See American Heritage Dictionary, supra at 338 (“10. Accounting. a. The deduction of a payment made by a debtor from an amount due. b. The right-hand side of an account on which such amounts are entered____”).
On the other hand, in its first occurrence, as evidenced by the subsequent inclusion in the statute of early payment discounts, “credit” has its ordinary meaning. But in its first occurrence “credit” must also be construed as having the more specialized meaning of its second occurrence. After all, one must hesitate to accuse our Legislature of using the same word to refer, in the same sentence, to two different notions—especially to notions which have absolutely no overlap.
However, no matter what the precise meaning of the word “credit” in the phrase “credit is allowed,” unless the coupons in question have value in money, not abstractly but in the marketplace, see N.J.S.A. 54:32B-2(d), no credit is allowed for them and the taxable receipts of plaintiffs promotional sales include only the cash received.
The statutory language in N.J.S.A. 54:32B-2(d) permits the “amount of the sales price” to be “received in money or otherwise.” There is no requirement that the sales price be received entirely in cash. The consideration can be “otherwise.” What is received by the seller, however, must have a value in the marketplace. The statute specifically requires the amount of the sales price to be “valued in money.” See Amerada Hess Corporation v. Director, Div. of Taxation, 107 N.J. 307, 321, 526 A.2d 1029 (1987) (a fundamental principle of *255 statutory construction requires that “[sjtatutes must be read as a whole, giving effect where possible to every word”).
“[VJalued in money” does not merely impose a requirement that a certain face value expressed in monetary terms be ascribed to the agreed upon exchange but that it have a marketplace value expressed in money. This accords with the general scheme of the act. See N.J.S.A. 54:32B-19; L.B.D. Constr. v. Taxation Div. Director, 8 N.J.Tax 338, 351-352 (Tax Ct.1986), and N.J.A.C. 18:24-7.2, -7.6.
Inasmuch, however, as plaintiffs coupons are nonreimbursable [2]—neither initially sold nor subsequently reimbursable by a third party—they have no value in money. At best, the coupons would have a negligible value, one administratively impractical to measure. See Great Adventure, supra, 7 N.J.Tax at 63-64. After all, what is the value in money of a coupon which can be cut out of any local newspaper?
Further, since the coupons have either a negligible or unpractically measurable value in money, plaintiff could not have allowed credit for them under either of the meanings of “credit.” There is no credit allowed under the first, ordinary meaning because nothing in the transaction places an obligation on the customer for future payment. And there is no credit allowed under the second meaning, borrowed from the accounting field, simply because credit allowed cannot exceed the value, as “valued in money,” of the property received by the vendor—whether it be currency, tangible property, credit or otherwise. According to the statute: “[wjhether received in money or otherwise, including any amount for which credit is *256 allowed,” the “sales price” is as “valued in money.” See N.J.S.A. 54:32B-2(d); emphasis supplied.[3]
Nevertheless, defendant insists that plaintiff in fact allowed credit for the face value (the usual selling price of one item) of each coupon received. As support defendant refers to a subsequent unsuccessful attempt to amend the definition of “receipt” found in N.J.S.A. 54:32B-2(d).[4] See Senate Bill 1388 (1980). In a “pocket veto” dated January 18, 1982, and without specifically addressing the contents or merit of the proposed amendment, the Governor declined to sign Senate Bill 1388. In its initial form, the bill amended the definition of “receipt” to exclude “any amount for which credit is allowed by the vendor to the purchaser.” According to this version, “sales price” excluded “credit”—both in the installment or time sale and accounting senses.
However, the bill was ultimately amended to include not only “any amount for which credit is allowed by the vendor to the purchaser,” but also “but not by way of limitation, any amount whereby a coupon is redeemable by a manufacturer or third party.” This second version differs from the statute itself in that it includes, albeit “not by way of limitation,” reimbursable coupons in the tax base.
*257 Defendant argues that the second version—had it been enacted—would have changed the meaning of the statute from including to excluding the face value of nonreimbursable coupons from the tax base. That the amendment was never adopted demonstrates—so the argument goes—that the Legislature either originally intended, or acquiesced in the Director’s interpretation that, taxable receipts include the face value of nonreimbursable coupons. But even assuming with the Director that the proposed amendment would have excluded non-reimbursable coupons (note that such an interpretation leaves unexplained the phrase “not by way of limitation”), it is entirely conceivable that the proposal reflects a legislative attempt not to change the statute, but merely to clarify that “credit allowed” does not apply to nonreimbursable coupons.
In sum, the proposed amendment is ambiguous: it is simply not clear whether it was intended to clarify or change the meaning of the statute. And according to Sutherland:
[A]n amendatory act is not to be construed to change the original act or section further than expressly declared or necessarily implied. [Sutherland, Statutory Construction (4 ed.) § 22.30 at 266]
See also General Electric Corp. v. E. Fred Sulzer and Co., 86 N.J.Super. 520, 532, 207 A.2d 346 (Law Div.1965). Moreover, as our Supreme Court has observed:
Assuredly, the mere introduction of a bill some years after the passage of the original enactment can in no way be instructive in determining the intent of the Legislature which enacted the original law. [Fraser v. Robin Dee Day Camp, 44 N.J. 480, 486, 210 A.2d 208 (1965); emphasis supplied] [5]
In arguing that the face value of nonreimbursable coupons is taxable, defendant also relies upon its regulation which includes in taxable receipts the “value of a coupon.” See N.J.A.C. 18:24-12.3. See also New Jersey Division of Taxation, State Tax News, Vol. II, No. 5 at 88, and Vol. V, No. 3 at 57. Although “long-standing administrative practice, without *258 change by the Legislature is entitled to great weight in construing taxing statutes,” see Great Adventure, Inc. v. Taxation Div. Director, 7 N.J.Tax 58, 64 (Tax Ct.1984), citing Tewksbury Tp. v. Jersey Central Power & Light Co., 159 N.J.Super. 44 (App.Div.1978), aff'd 79 N.J. 398, 400 A.2d 60 (1979), “[legislative inaction has been called a ‘weak reed upon which to lean’ and a ‘poor beacon to follow’ in construing a statute,” see Amerada Hess, supra, 107 N.J. at 322, 526 A.2d 1029 (quoting from Sutherland). Furthermore, the express language, and plain meaning, of the statute limit the Director’s regulatory authority. Fedders Financial Corp. v. Taxation Div. Director, 96 N.J. 376, 476 A.2d 741 (1984), and Service Armament Co. v. Hyland, 70 N.J. 550, 362 A.2d 13 (1976). Here, with or without the regulation or other administrative statements, because such coupons do not have value in money, they do not constitute a part of the sales price pursuant to N.J.S.A. 54:32B-2(d).
Finally, in support of its claim that the face value of nonreimbursable coupons is not taxable, plaintiff refers to the holding in an Illinois decision. Illinois has a Retailer’s Occupation Tax Act which imposes a tax much like our sales tax. It is noteworthy that, in interpreting statutory language similar to New Jersey’s statutory definition of “receipt,” the Illinois Supreme Court held that, because “receipts” are not increased, the “selling price” does not include the “face value” of a nonreimbursable discount coupon. See Saxon-Western Corp. v. Mahin, 81 Ill.2d 559, 44 Ill.Dec. 273, 411 N.E.2d 242 (Sup.Ct.1980). The majority opinion’s persuasive reasoning lends support to plaintiff’s position. See GATX Terminals Corp. v. Environmental Protection Dep’t, 86 N.J. 46, 53-54, 429 A.2d 355 (1981), and Jutland Constr. Co. v. Taxation Div. Director, 4 N.J.Tax 230, 235-236 (Tax Ct.1982). On the other hand, defendant’s reliance on the dissenting opinion in Saxon-Western is not as persuasive. The dissent there simply failed to recognize that *259 a nonreimbursable coupon has for all practical purposes no value as “valued in money.”[6]
For the reasons stated, I grant plaintiff’s motion, and deny defendant’s crossmotion, for summary judgment. The Clerk of the Tax Court is ordered to issue a judgment reducing the Director’s assessment of sales tax on plaintiff for the period January 1,1980 to September 30, 1983 from $37,723 to $22,118.

The same parties are also involved in another state tax matter, Docket No. 07-18-0447-86-ST. In that action, plaintiff seeks a refund of $8,403 for sales tax it self-assessed for the period of October 1, 1980 to September 30, 1983 on *252 the cost to it of food products “given away" in its promotional sales. From the bench at oral argument, this court denied both plaintiffs motion, and defendant’s crossmotion, for summary judgment. The motions were denied for the reasons found in Salorio v. Glaser, 82 N.J. 482, 414 A.2d 943 (1980), and Jewish Center of Sussex Cty. v. Whale, 172 N.J.Super. 165, 411 A.2d 475 (App.Div.1980) (both commending caution in granting summary judgment when the record is scanty and the ruling sought has far-reaching consequences). At the same time, since the two matters are receiving separate consideration, this court denied plaintiffs motion to consolidate.

In contrast, a manufacturer’s or third-party coupon is a coupon issued by a manufacturer or third party entitling a purchaser to purchase at a price less than as advertised. The manufacturer reimburses the retailer-seller for the face amount of the coupon. A retailer’s coupon, on the other hand, such as is implicated in the present case, is issued by a retailer-seller and is not reimbursed for the face value of the coupon by a third party or manufacturer. Plaintiff asserts only the former is taxable since these can be "valued in money,” i.e., the amount for which "credit” is given and reimbursement made by a manufacturer or third party to the retailer-seller.

According to N.J.S.A. 54:32B-2(d) as quoted above:
[Receipt excludes] ... any credit for property of the same kind accepted in part payment and intended for resale____
Would the Director be willing to permit a vendor to deduct credit from taxable receipts in an amount exceeding the true value of the property exchanged? Similarly, would the Director be satisfied to levy sales tax on the face value of a coupon if its face value were 50<t and the reimbursement from the manufacturer $1? See N.J.S.A. 54:32B-19, and L.B.D. Constr. v. Taxation Div. Director, supra, 8 N.J. Tax at 352-353 (upholding the Director’s regulation which permitted him to base sales tax on the true value of property exchanged rather than the purchase price which did not reflect true value).

Defendant mistakenly relies on Howard Savings Inst. v. Kielb, 38 N.J. 186, 195, 183 A.2d 401 (1962). In Kielb the Court paid deference to statements appended to a bill which was ultimately enacted. In the present case the proposed Senate Bill 1388 was never enacted.

Although there have been numerous amendments to the Sales and Use Tax Act, none have affected the particular language of N.J.S.A. 54:32B-2(d) here in question. The statute was initially enacted in 1966, 14 years prior to the date on which the Senate passed Senate Bill 1388.

Plaintiff'sreferences to the administrative practices in New York and Massachusetts of not taxing the face value of discount coupons is not as helpful in interpreting New Jersey’s statutory definition of receipts.