BURGER KING CORPORATION, PLAINTIFF-RESPONDENT, v.
DIRECTOR, DIVISION OF TAXATION,
DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued March 28, 1988—Decided April 28, 1988.

Before Judges DREIER, BAIME and ASHBEY.

*David Dembe,* Deputy Attorney General, argued the cause for appellant (*W. Cary Edwards,* Attorney General, attorney; *Michael R. Clancy,* Deputy Attorney General, of counsel; *David Dembe* on the brief).

*Susan A. Feeney* argued the cause for respondent (*Herold and Haines,* attorneys; *Susan A. Feeney* on the brief).

PER CURIAM.

This is an appeal from a judgment entered by the Tax Court, 9 *N.J.Tax* 251, setting aside a deficiency assessed by the Director of the Division of Taxation. The sole question presented is whether the face value of nonreimbursable coupons for which the retailer receives no remuneration is taxable as a receipt from the sale of food or drink under *N.J.S.A.* 54:32B–2(d) and *N.J.S.A.* 54:32B–3(c).

The facts are not in dispute. Burger King, a subsidiary of The Pillsbury Company, sells a variety of food and drink products in its establishments both for take-out and on-premises consumption. In the course of its business, Burger King and its franchisees occasionally offer products at discounted selling prices during sales promotion events. The usual method of sales promotion is through the use of coupons, commonly known as "two for the price of one." A customer presenting a coupon receives two products for the cost of the equivalent price of only one item. It is to be emphasized that the coupons are nonreimbursable. In other words, Burger King receives no remuneration for the value of the coupons from a third party. Rather, Burger King's receipts in a coupon transaction are the actual discounted amount received from the customer, which is the selling price of one item.

Burger King collected from its customers who used the coupons it issued toward the purchase of food products sales taxes calculated on the regular purchase price of the first item

purchased. It did not collect taxes on the second, "free" item. Following an audit, sales taxes were assessed based upon the full retail price of both the purchased and the free item. This assessment was confirmed in a final determination letter dated September 26, 1986.

Burger King then filed a complaint with the Tax Court, contesting any assessment on the face value of the nonreimbursable coupons. Contending that its coupon sales were simply discount transactions, see *Great Adventure, Inc. v. Taxation Div. Dir.*, 7 *N.J. Tax* 58 (Tax Ct.1984), Burger King argued that only the discounted price, the monetary amount it actually received, was taxable. The Director took the position that a discount through the use of a nonreimbursable coupon was subject to tax. *See N.J.A.C.* 18:24–12.3 and *State Tax News*, Vol. V, no. 3 (May/June 1976). Cross-motions for summary judgment were filed.

In a reported opinion (9 *N.J. Tax* 251), Judge Andrew granted Burger King's motion, holding that nonreimbursable coupons for which no remuneration is received are not taxable. *Id.* at 258. Judge Andrew concluded that Burger King's coupons did not have a marketplace value expressed in money and, thus, did not fall within the definition of "receipts" set forth in *N.J.S.A.* 54:32B–2(d). *Id.* at 254–256.

We agree and affirm substantially for the reasons expressed by the Tax Court. We emphasize the limited parameters of the conclusion reached. We are not concerned here with a coupon entitling a purchaser to buy at a reduced rate, where the manufacturer or a third party ultimately reimburses the retailer-seller. A retailer's coupon, on the other hand, such as is implicated in this case, is issued by a retailer-seller who is not reimbursed for its face value. *Id.* at 255, n. 2. In such a case, use of a coupon is equivalent to a cash discount and is not taxable.

Accordingly, the judgment of the Tax Court is affirmed.